### 10338

#### SLOAN v. GLENN.

#### (101 S. E. 823.)

1. TRESPASS—INSTIGATION OF REMOVAL OF HOUSE QUESTION FOR JURY.— In an action for trespass by removal of a house, evidence *held* to warrant submission of issue as to whether defendant instigated the transaction, so as to become responsible for actual damages, though he did not remove the house in person.

2. TRESPASS—PUNITIVE DAMAGES QUESTION FOR JURY.—In an action for trespass by removal of a house, evidence on the issue of wilful invasion of plaintiff's right, justifying punitive damages, *held* sufficient to go to the jury.

3. TRESPASS—PUNITIVE DAMAGES RECOVERABLE FOR REMOVAL OF HOUSE FROM LAND.—A purchaser, removing a house on the land to other lands before making a complete examination of the title, cannot claim that he acted in good faith, preventing recovery of punitive damages.

Before MEMMINGER, J., Spartanburg, Fall term, 1919. Affirmed.

Action by Mrs. Helen Nott Sloan against W. S. Glenn. Judgment for plaintiff, and defendant appeals.

*Messrs. Bomar & Osborne,* for appellant (no citations).

*Messrs. McCrary & Atkinson* and *John Gary Evans,* for respondent, submit: *There was abundant testimony to take the case to the jury on the issue of punitive damages:* 100 S. C. 335; 38 Cyc. 1042 (notes); 11 Rich. 35; 11 Rich. 24; 37 S. C. 578; 14 Rich. 243; 101 S. C. 64; 90 S. C. 361.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for alleged trespass, etc., by appellant upon the property of respondent, and resulted in a verdict in favor of the plaintiff for $1,000 actual damages and $500 punitive damages. The case was tried at the April term of Court, 1919, for Spartanburg county, before his Honor, Judge Memminger, and a jury. After entry of judgment, appellant appealed.

His exceptions raised the questions that a verdict should have been directed for actual damages on the ground that the only damage complained of and proved was the removal of the house, and that this was done by the railroad company, for its own use and purpose, independent of the appellant, and uninfluenced by him, and for whose conduct he is not responsible. The questions raised by these exceptions are questions of fact, and there is ample testimony that the appellant went on the lands of respondent and induced her tenant to make a deed to his wife, and then in turn had the wife to make the appellant a deed. The evidence warranted a submission of the issue to the jury whether or not the tenants had any dealings with the railroad company, or whether they dealt exclusively with the appellant, and it was for the jury to determine whether Glenn agreed to remove the tenant house from Mrs. Sloan's land, and whether or not the house was moved by Glenn, or some one acting for him, under his direction and supervision.

Under the evidence, it was proper on the part of his Honor to leave it to the jury to decide whether the appellant started in operation a train of events which resulted in the removal of the house as a direct and proximate result, and, if so, the appellant is just as responsible as if he had gone in person and removed the house. The evidence of Cynthia Atchison and Lindsay Atchison warranted the submission of this issue to the jury, to say nothing of the other evidence. facts, and circumstances in the case, and warranted their

verdict as to the actual damages, on the ground that Glenn instigated and managed the entire transaction.

These exceptions are overruled.

Exceptions 2, 4, 6, 7, and 9 allege error in refusing a directed verdict in favor of the defendant as to punitive damages. The evidence in the case is ample to submit the question to the jury on this issue. The evidence made such an issue, as to whether there was a wilful invasion of plaintiff's rights. Glenn knew the respondent owned this land, he attempted to buy it from her; he approached her attorney, Mr. McCravy, for this purpose, who, after consultation with his client, found she would not sell. Glenn never came back to McCravy, but went on and purchased from her tenants, and the house was moved.

The evidence of Atchison shows that Glenn was informed by him that Mrs. Sloan owned the property, and that Atchison had nothing to do with it, except as a tenant, to pay rent. According to Atchison, Glenn promised to see Mrs. Sloan and make it all right. Glenn returned, and told him Mrs. Sloan said it was all right, and induced them to make the deed in question.

There is evidence that Glenn had actual notice that Mrs. Sloan was the owner of the property. A complete examination of the records would have shown that Mrs. Sloan was the owner. The partial examination by Glenn cannot excuse him, and make it appear that he acted in good faith, and honestly thought he was getting a good title from Lindsay Atchison.

It is a very serious trespass to enter the lands of another and remove a house thereon, especially when the house is removed from the land where it is situated, and put on other lands. The jury found adverse to the contention of the appellant on this issue, and there is ample evidence to sustain their findings, and the law is sustained by the cases of

*Montgomery v. Power Co.,* 87 S. C. 300, 68 S. E. 1047, and *Bennett v. Cypress Co.,* 100 S. C. 335, 84 S. E. 882.

These exceptions are overruled.

The other exceptions are overruled. The case was fairly submitted to the jury, under proper instructions by the Court, and we see no error, as complained of by the exceptiions.

All exceptions are overruled, and judgment affirmed.